**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
OLGA CHURIY,

                Plaintiff,

                -against-

NICHOLAS S. SCHORSCH, et al.,

                Defendants.

------------------------------------------------------------x

No. 18-CV-6373 (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), for allegedly unpaid overtime premium pay, and for Defendants' alleged failure to provide wage statements and notices. Plaintiff also brings causes of action for gender discrimination and sexual harassment pursuant to Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law. The parties submitted their settlement agreement as to the FLSA and NYLL causes to action to this Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* ECF 53). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF 51). For the reasons set forth below, the Court approves the agreement as fair and reasonable.

**I. Background**

Plaintiff alleges that she began working for Defendants in the summer of 1999 as a household worker. Beginning in 2001, Plaintiff worked for Defendants full time as a nanny and household worker. She continued to work for Defendants full time until December 2017, except for an eight-month period in 2008 during which she returned to the Ukraine. Plaintiff alleges

that while employed by Defendants, she worked six or seven days per week, from 6:30 a.m. to 8:00 p.m. or later. After 2008, she frequently worked seven days a week from approximately 5:30 a.m. until midnight. Plaintiff started at a rate of $12.00 per hour, but received several wage increases; from 2006 to 2017, she made $26.00 per hour.

Plaintiff alleges that she is owed approximately $301,770.60 in overtime wages. Defendants deny all of Plaintiff's allegations and have asserted counterclaims against Plaintiff alleging fraud, breach of fiduciary duty, faithless servant doctrine, conversion and unjust enrichment to recover funds associated with credit card charges by Plaintiff that Defendants allege were unauthorized, as well as for compensation paid to Plaintiff for hours that Defendants alleged Plaintiff reported but did not actually work. Defendants also argue that Plaintiff was exempt from overtime as a live-in domestic service worker.

Nevertheless, the parties have agreed to resolve the matter for $25,000 to be paid to Plaintiff and $12,500 to be paid to Plaintiff's counsel. The parties reached their proposed settlement themselves after weeks of negotiation, including two in-person meetings.

**II. Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The U.S. Court of Appeals for the Second Circuit has held that, "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court

will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

### A. Range of Recovery

First, the settlement awards Plaintiff with $25,000. Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

### B. Burden and Expense of Trial

Second, the settlement enables the parties to avoid the burden and expense of presenting their credibility-dependent case to a factfinder and being subject to cross-examination at trial. The parties dispute the number of hours worked by Plaintiff. Because there are no records of Plaintiff's hours, the parties would have to rely on their own recollections and the recollections of others to prove how many hours Plaintiff worked. *See Yunda v. SAFI-G, Inc.*, 15-CV-8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017). Further, the parties represent that they would engage in extensive document discovery and depositions, file costly cross-motions for summary judgment, proceed to trial, and appeal any adverse decisions. By settling now, Plaintiff avoids the prospect of lengthy litigation.

### C. Litigation Risk

*Third*, the settlement will enable the Plaintiff to avoid the risks of litigation. Defendants assert that Plaintiff's own allegations—that she lived with Defendants performing a variety of domestic tasks—prove Defendants' defense that Plaintiff is an exempt under the FLSA. Defendants have also asserted counterclaims against Plaintiff for damages potentially in excess of $1.2 million. Additionally, Plaintiff faces the risk that a fact finder may credit Defendants' witnesses' testimony that Plaintiff did not work as many hours as she claims. Thus, not only is whether and how much she would recover at trial uncertain, *see McMahon v. Olivier Cheng Catering and Events, LLC*, 08-CV-8713, 2010 WL 2399328, at *5 (S.D.N.Y. Mar. 3, 2010), but Plaintiff faces a risk that she might be found liable to Defendants on their counterclaims.

### D. Arm's Length Negotiation

Fourth, this settlement was reached after negotiation between experienced counsel, including two in-person meetings. The parties note that Defendants' counsel has over 20 years of experience litigating cases under the FLSA and NYLL, and Plaintiff's counsel has litigated over two hundred cases as lead counsel in the Southern and Eastern Districts of New York, of which dozens have been filed under the FLSA. Therefore, the settlement is the product of arm's-length bargaining between experienced counsel.

### E. Risk of Fraud or Collusion

Fifth, there is nothing in this record to suggest that the settlement was the product of fraud or collusion. Additional features of the settlement favor approval. The release is limited to claims based on Plaintiff's employment up to the effective date of the agreement, and is not overbroad. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16,

2015). The attorneys' fee award of one-third of the settlement sum ($12,500) is reasonable and in keeping with typical FLSA settlements in this district. *See Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.") (citing cases).

Finally, this agreement also lacks certain objectionable provisions that have doomed other proposed FLSA settlements. For instance, it contains no confidentiality provision, which would contravene the purposes of the FLSA—indeed, the document has already been publicly filed, and it does not include a restrictive non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); *Lazaro-Garcia v. Sengupta Food Servs.*, 15-CV-4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

### III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable.

IT IS HEREBY ORDERED THAT this action is dismissed with prejudice and without costs provided, however, that the Court retains jurisdiction pursuant to the terms of the settlement agreement. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**

Dated: New York, New York
July 9, 2019

      *s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge